UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

LONNIE W. BAWGUS, )
 )
    Petitioner, )
 )
v. ) No. 2:22-CV-00132-JRG-CRW
 )
UNITED STATES OF AMERICA, )
 )
    Respondent. )

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Petitioner Lonnie Bawgus's Rule 60(b) Motion [Doc. 8] and the United States's Response in Opposition [Doc. 13]. For the reasons herein, the Court will deny Mr. Bawgus's motion.

### I. BACKGROUND

In 2010, a petit jury convicted Mr. Bawgus of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). [Verdict Form, Doc. 115, at 1, No. 2:09-CR-00060-1-JRG]. He had multiple prior convictions under Tennessee law—one for aggravated assault and fourteen for aggravated burglary—and at sentencing, these prior convictions became a focal point under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). [PSR ¶¶ 38, 41, 42 (on file with the Court)]. Under the ACCA, a defendant with a conviction for being a felon in possession of a firearm will receive an enhanced sentence[1] if he is an armed career criminal—i.e., someone who has committed at least three serious drug offenses or violent felonies. At the

---

[1] At the time of Mr. Bawgus's sentencing, a felon who possessed a firearm faced a maximum penalty of ten years' imprisonment, 18 U.S.C. § 924(a)(2) (2011) (amended 2022), and three years' supervised release, *id.* §§ 3559(a)(3) and 3583(b)(2), but if that felon possessed the firearm after having incurred three prior convictions "for a violent felony or serious drug offense, or both," the ACCA required a fifteen-year minimum sentence, *id.* § 924(e)(1), and increased the maximum supervised release term to five years, *id.* §§ 3559(a)(1) and 3583(b)(1).

time, the ACCA defined a "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "elements clause"); (2) "is burglary, arson, or extortion, involves use of explosives" (the "enumerated-offense clause"); or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the "residual clause"). *Id.* § 924(e)(2)(B).

After determining that Mr. Bawgus was an armed career criminal based on his previous offenses for aggravated assault and aggravated burglary, the Court sentenced him to an enhanced sentence of 210 months' imprisonment. [J., Doc. 126, at 2, 2:09-CR-00060-1-JRG]. He later collaterally attacked his conviction and sentence under 28 U.S.C. § 2255, raising the Supreme Court's then-recent decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), and arguing, in light of *Johnson*, that this Court should not have sentenced him under the ACCA because his Tennessee convictions for aggravated burglary no longer qualified as violent felonies. In *Johnson*, the Supreme Court held that the ACCA's residual clause is unconstitutionally vague, but it did not automatically invalidate all sentences under the ACCA. *See id.* at 606 ("Today's decision does not call into question application of the Act to . . . the remainder of the Act's definition of a violent felony.").

This Court reserved ruling on Mr. Bawgus's motion until the Sixth Circuit, in *United States v. Stitt*, 860 F.3d 854 (6th Cir. 2017) (en banc), addressed an issue that was germane to his case: whether Tennessee aggravated burglary constitutes a violent felony under the ACCA's enumerated-offense clause. [Order, Doc. 180, at 1, No. 2:09-CR-00060-1-JRG]. In *Stitt*, the Sixth Circuit ultimately went on to hold that "a conviction for Tennessee aggravated burglary is not a violent felony for purposes of the ACCA." 860 F.3d at 856.

2

Relying on *Johnson* and *Stitt*, this Court granted Mr. Bawgus's § 2255 motion, vacated the judgment, and ordered a resentencing hearing, [Mem. Op., Doc. 188, at 5–9, No. 2:09-CR-00060-1-JRG; J., Doc. 86, at 1, No. 2:09-CR-00060-1-JRG], and after holding a resentencing hearing, it sentenced him without the ACCA's enhancement to 105 months, [Second J., Doc. 197, at 2, No. 2:09-CR-00060-1-JRG]. The Supreme Court, however, later reversed *Stitt*, *United States v. Stitt*, 139 S. Ct. 399, 408 (2018), prompting the United States to appeal Mr. Bawgus's amended sentence and argue for the reinstatement of his original 210-month sentence. [Notice of Appeal, Doc. 200, at 1, No. 2:09-CR-00060-1-JRG]. The Sixth Circuit vacated this Court's grant of *Stitt*-based relief to Mr. Bawgus and remanded the case with instructions for this Court to reinstate the original 210-month sentence, [Sixth Circuit Order, Doc. 210, at 4, No. 2:09-CR-00060-1-JRG], and this Court did so, [Order, Doc. 212, at 1, No. 2:09-CR-00060-1-JRG].

Mr. Bawgus then moved for relief under 28 U.S.C. § 2255, in which he challenged his most recent sentence, i.e., the reinstated 210-month sentence on three main grounds. First, he invoked the Supreme Court's decision *Wooden v. United States*, 595 U.S. 360 (2022), to argue that the Court should annul his career-offender designation under the ACCA.[2] Second, he asserted that a jury rather than the Court should have decided the occasions-different inquiry under the ACCA. And third, he moved for a default judgment against the United States. The Court denied his motion and dismissed it with prejudice.

Mr. Bawgus has now filed a motion for relief under Federal Rule of Civil Procedure 60(b)(6). The United States opposes his motion, which, it argues, is without merit.. Having

---

[2] Again, the ACCA requires the Court to impose a fifteen-year mandatory minimum sentence for a defendant who violates § 922(g)(1)—the statute under which the jury convicted Mr. Bawgus in 2010—but only if that defendant "has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or serious drug offense, or both, *committed on occasions different from one another*." 18 U.S.C. § 924(e)(1) (emphasis added). This italicized language is known as the "occasions clause" of the ACCA.

carefully considered Mr. Bawgus's motion and the parties' arguments, the Court is now prepared to rule on them.

## II. LEGAL STANDARD

Rule 60(b) provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment" for six reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b)(1)–(6). Rule 60(b)(1)–(5) "allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005) (footnote omitted). Rule 60(b)(6), on the other hand, allows a party to seek relief for "any other reason that justifies relief" from the judgment. Fed. R. Civ. P. 60(b)(6). "As a prerequisite to relief . . . a party must establish that the facts of its case are within one of the enumerated reasons contained in Rule 60(b) that warrant relief from judgment." *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 543 (6th Cir. 2004) (quotation omitted). "[T]he party seeking to set aside a final judgment[] b[ears] the heavy burden of showing his entitlement to Rule 60 relief." *Ghaleb v. Am. Steamship Co.*, 770 F. App'x 249, 250 (6th Cir. 2019) (citing *In re G.A.D., Inc.*, 340 F.3d 331, 334 (6th Cir. 2003)).

### III. ANALYSIS

In pursuing relief under Rule 60(b), Mr. Bawgus cites Rule 60(b)(4) and (b)(5), [Pet'r's Mot. at 1], and in doing so, he appears to attempt to draw a parallel between his defunct civil-rights action under 42 U.S.C. § 1983—an action that had he filed pro se in 2011—and his now-defunct § 2255 motion. The Court previously summarized the facts of his § 1983 action as follows:

> The complaint recites that plaintiff was convicted by a federal court jury on November 17, 2010, for possession of a firearm, sentenced on May 23, 2011, and is currently serving a 210-month term of confinement for that offense. The defendants are two police officers in Johnson City, Tennessee, who allegedly stopped the vehicle plaintiff was driving, searched it without probable cause, and found the weapon. Plaintiff claims that he was wrongfully convicted of the federal offense because the subject firearm belonged to Michelle St. Pierre, in whose vehicle the weapon was found, during the officers' warrantless search. Plaintiff seeks damages in the amount of $350,000.00 for lost time and wages, as well as for the emotional pain caused to him and his children as a result of defendants' claimed wrongful actions.

[Mem. Op., Doc. 3, at 2, No. 2:11-CV-00368-JRG-DHI]. After screening Mr. Bawgus's complaint, the Court entered a judgment dismissing it based on *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court held that a state prisoner cannot use § 1983 to allege that his conviction or sentence violated his constitutional rights unless "his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 487. Citing *Heck*, the Court wrote:

> In this case, plaintiff is challenging the search of the automobile and subsequent seizure of the weapon upon which was based his federal firearms conviction. Clearly, were plaintiff to obtain a favorable ruling on his claims against these defendants, this would necessarily imply the invalidity of his federal conviction and sentence. This dilemma is exactly what the *Heck* doctrine is designed to avoid. *See Heck*, 512 U.S. at 486 (noting that the *Heck* holding upholds 'the hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments').

5

[Mem. Op. at 3–4 (footnoted omitted)].

Mr. Bawgus appears to argue that his § 2255 motion, which he deems as merit-worthy, requires the invalidation of his conviction under § 922(g)(1) and his corresponding 210-month sentence, and with the invalidation of his conviction and sentence, *Heck* would, in his view, no longer block his pursuit of relief under § 1983. In short, Mr. Bawgus believes the vacatur of his federal conviction and sentence requires the Court, under Rule 60(b), to relieve him from the judgment dismissing his § 1983 action. The problem for Mr. Bawgus, though, is that the Court did not find merit in his § 2255 motion, and his federal conviction and sentence remain intact. *Heck*, therefore, is still an encumbrance to his pursuit of the claims he had raised in his § 1983 action, foreclosing his request under Rule 60(b) for relief from the judgment in that action.

## IV. CONCLUSION

As the movant under Rule 60(b), Mr. Bawgus fails to meet his burden of establishing his entitlement to relief, and his Rule 60(b) motion [Doc. 8] is therefore **DENIED**.

So ordered.

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE
